WELTON B. OSTRANDER and others, Respondents, v. HARLOW H. CONKEY, Appellant.

*The service of an amended pleading destroys issues previously joined, and nullifies a notice of trial thereof.*

Where, after issue has been joined in an action, and the same has been regularly noticed for trial at a circuit, by the defendant, the plaintiff in good faith and within the time allowed by law serves an amended complaint, the issue theretofore joined and noticed for trial is destroyed, and the action cannot be tried until new issues have been joined and regularly noticed for trial.

When the amended pleading is served in bad faith, the remedy of the party aggrieved is by motion to strike it out.

Appeal from an order setting aside and vacating an order theretofore granted dismissing the complaint, and also setting aside and vacating the judgment granted on such order.

The complaint herein was served on the 1st day of August, 1879, and the answer on the 6th day of September, 1879. Notice of trial for the October Circuit was duly served by mail, by the defendant's attorneys, on the 20th day of September, 1879, and a note of issue was duly filed on the 24th of September, 1879, for the circuit beginning on the 6th day of October, 1879.

After the due service of the notice of trial, and the placing of the cause on the calendar, and on the 26th day of September, 1879, the plaintiff's attorneys served an amended complaint.

Immediately upon its receipt the defendant's attorneys served upon the plaintiff's attorneys a written notice that such amended complaint was received, and would be, answered without prejudice to the proceedings already taken, to wit: the notice of trial and filing of the note of issue.

Notwithstanding the notice of trial and the notice that the amended complaint was received and answered without prejudice to such notice of trial, no appearance was made by or on behalf of the plaintiffs at the circuit, and when the cause was called, no motion was made for any continuance, and no motion to strike the cause from the calendar, and the court, upon the cause being reached, and on proof of the service of the notice of trial, dismissed the complaint, and thereafter a judgment was entered.

*Leslee W. Russell*, for the appellant.

*W. G. Tracy*, for the respondents.

BOCKES, J. :

The construction given to the Code of Procedure by the Special Term, in granting the order appealed from, was in consonance with reported decisions made soon after the Code was adopted. (*Washburn* v. *Herrick*, 4 How., 15; *Plumb* v. *Whipples*, 7 id., 411; *Griffin* v. *Cohen*, 8 id., 451; *Rogers* v. *Rathbun*, 8 id., 666.) These decisions have controlled the practice now for over a quarter of a century. We are cited to no case overruling these decisions, nor have we been able to find any such case. Those cited us by the appellant's counsel do not assume to overrule them. We should not at this time, after so long an acquiescence in a rule of practice merely, lay down a new course of procedure involving no question affecting a substantial right or right of property; but we will add that we are of the opinion that the decisions are strictly correct.

The clause of the Code which gives the right to amend a pleading "without prejudice to proceedings already had" must be considered and construed with reference to the *absolute right* of a party once to amend. Hence, as was laid down in *Washburn* v. *Herrick* (*supra*), that if a party notice his cause for trial

before the time allowed to his adversary to amend shall have expired, he does so at his peril ; that is, at the peril of having his notice of trial go for nothing in case of an amendment of the pleading by his adversary in good faith. This question was well elucidated in *Plumb* v. *Whipples* (*supra*), Judge HARRIS there says : " The plaintiff had a right, when the cause was at issue, to notice it for trial. If the issue noticed for trial still remained when the time for trial arrived, then he might try the cause, and if successful perfect judgment. None of these proceedings are to be prejudiced by a subsequent amendment, even although it should be made within the time prescribed by the statute. The plaintiff may notice his cause for trial before the time for amending the answer expires. He does so at his peril. That peril is the contingency that before he can bring it to trial the defendant may amend, and thus destroy the issue he had intended to try." This seems to be a full and plain exposition of the rule of practice intended by the Code of Procedure ; and it had the approval of Judge ALLEN in both of the other cases cited. It may be added that the Code contemplates a notice of trial *after* the issues in the case have, according to the rights of the parties under due practice, been settled. It is provided that either party may notice the cause for trial at any time after the joinder of issue, and at least fourteen days before the commencement of the term. The issue here referred to is the issue made for trial in the cause. In case of an amendment of the pleadings it means the issue made on the amended pleadings, for these are the issues to be tried. There is no question here made as to the good faith of the party in serving the amended pleading. But were this otherwise, relief should be obtained by proceeding to strike out the fraudulent pleading. (*See last clause of section* 542, Code of Civil Proc., also *remarks of* ALLEN, J., *in Griffin* v. *Cohen, supra.*)

The order appealed from must be affirmed, with ten dollars costs and disbursements.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order setting aside order, etc., affirmed, with ten dollars costs and printing disbursements.